## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) CAR WASH HEADQUARTERS, INC. ) d/b/a MISTER CAR WASH ) d/b/a MISTER HOT SHINE CARWASH ) ) Defendant. ) | JURY TRIAL REQUESTED |

## COMPLAINT

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §2000e et seq. ("Title VII") and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices on the basis of race (Black) and to provide appropriate relief to Charging Party Antonio Purdom ("Purdom" or "Charging Party"), and a class of aggrieved Black employees, including but not limited to Walter Gibson, Anthony Graham, and Marcus Kidd, (the "Class"), who were adversely affected by such practices. As alleged with greater particularity below, Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") alleges that Defendant Car Wash Headquarters, Inc. ("Defendant") d/b/a Mister Car Wash d/b/a Mister Hot Shine Carwash violated Title VII by subjecting Charging Party and the Class to race discrimination when it failed to promote them to supervisor and management positions.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1961, *as amended*, 42 U.S. C. §2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C.§1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Alabama.

## PARTIES

3. Plaintiff, the United States Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, *as amended*, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, a foreign corporation incorporated in Delaware, has continuously conducted business in the State of Alabama and the cities of Birmingham and Vestavia Hills, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S. C. §§ 2000e (b), (g) and(h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Charging Party Antonio Purdom filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

7. On September 28, 2016, the Commission issued to Defendant a Letter of

Determination finding reasonable cause to believe that Title VII was violated with respect to Charging Party Antonio Purdom as well as a class of Black employees at its two Birmingham area locations and invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and to provide appropriate relief.

8. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9. On November 14, 2016, the Commission issued to Defendant a Notice of Failure of Conciliation.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Since at least February 2013, and continuing through the present, Defendant has engaged in unlawful employment practices at its Birmingham area facilities by subjecting Charging Party and the Class to disparate treatment on the basis of their race (Black), in violation of Section 703(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1). As described with greater particularity below, Defendant subjected Charging Party and the Class to discriminatory practices when Defendant failed to promote them to one of at least eight openings for supervisor and management positions at Defendant's Highway 280 and Vestavia locations:

   a. Purdom began his employment at the Defendant's Highway 280 location on or around July 11, 2003 as a car detailer in the production area.

   b. Purdom was promoted to front end supervisor approximately six months after his hire and held that position until his employment ended in February of 2016.

c. On or about 2005, Defendant purchased the full service car washes at the two Birmingham area locations: 4621 Highway 280, Birmingham, AL ("Highway 280") and 611 Montgomery Highway, Vestavia Hills, AL ("Vestavia").

d. Defendant continued to employ Charging Party as a supervisor after it took over operations.

e. Defendant does not conduct formal job evaluations or performance reviews. Likewise, Defendant does not keep any records of performance.

f. Defendant does not have a written promotion policy or formal promotion application process. Job vacancies are not posted and instead, when vacancies occur, managers informally discuss and select an employee for promotion.

g. From February 6, 2013 through present, Defendant has filled at least eight openings for Supervisor, Manager in Training, and Manager Positions at its Highway 280 and Vestavia locations.

h. Only one of these openings was filled by a Black employee: Class member Walter Gibson ("Gibson"), who was promoted in July 2014 to a Supervisor position after Charging Party filed his Charge of Discrimination with the EEOC.

i. During his tenure, Purdom expressed to management on multiple occasions that he wanted to be promoted to a Manager in Training or Manager position.

j. Despite assurances by Defendant's management that Purdom would be promoted, White employees with less experience and tenure were repeatedly selected to fill management vacancies when they occurred.

k. In multiple instances, Purdom trained the White employees who were subsequently promoted above him.

  l. During Purdom's tenure with Defendant, there were no Black employees in Manager or Manager in Training positions.

  m. From Defendant's purchase of the location in 2005 until Gibson's promotion in 2014, Purdom was the only Black supervisor at the Highway 280 location.

  n. Class members have repeatedly expressed their desire for promotion to Supervisor, Manager, and Manager in Training positions, but have been passed over in favor of less qualified White employees.

  o. Defendant did not promote Charging Party and members of the Class into Supervisor, Manager, and Manager in Training positions because of their race, Black.

12.  The effect of the practices complained of in paragraph 11 a through o has been to deprive Charging Party and the Class of Black employees and former employees covered by Title VII of equal employment opportunities and otherwise adversely affect their status as employees because of their race.

13.  The unlawful employment practices complained of in paragraph 11 a through o were intentional.

14.  The unlawful employment practices complained of in paragraph 11 a through o were, and are, done with malice or with reckless indifference to the federally protected rights of the Charging Parties and the Class of employees and former employees covered by Title VII.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

 A.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants,

employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of race, including failing to promote employees.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Black employees, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendant to make Charging Party and the Class whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay and reinstatement.

D. Order Defendant to make whole Charging Party and the Class by providing compensation for any past and future pecuniary losses, including relocation expenses and job search expenses resulting from the unlawful practices complained of in paragraph 11 a through o above, in amounts to be determined at trial.

E. Order Defendant to make whole Charging Party and the Class by providing compensation for any past and future nonpecuniary losses resulting from the unlawful practices complained of in 11 a through o above including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and other non-pecuniary losses in amounts to be determined at trial.

F. Order Defendant to pay Charging Party and the Class punitive damages for its malicious and reckless conduct, in amounts to be determined in trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

RESPECTFULLY SUBMITTED,

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

**MARSHA RUCKER**
Birmingham District Regional Attorney
PA Bar No. 90041

**GERALD L. MILLER**
Supervisory Trial Attorney

Equal Employment Opportunity
Commission
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street south
Birmingham, AL 35205
Tel. (205) 212-2045
Fax. (205) 212-2041