# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** ) ) ) | |
| Plaintiff, ) ) | |
| ) | **Civil Action No.** |
| v. ) | 2:17-CV-00503-AKK |
| ) | |
| **CAR WASH HEADQUARTERS, INC.,** ) **D/B/A MISTER CAR WASH** ) **D/B/A MISTER HOTSHINE CARWASH** ) ) | |
| Defendant. ) | |

## CONSENT DECREE

The United States Equal Employment Opportunity Commission ("EEOC" or "Commission") filed this action on March 30, 2017 against Car Wash Headquarters, Inc. d/b/a Mister Car Wash d/b/a Mister Hotshine Carwash ("Car Wash Headquarters" or "Defendant"), to enforce Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1991, 42 U.S.C. § 1981a. In its Complaint, the Commission alleged that Defendant failed to promote Antonio Purdom ("Purdom" or "Charging Party") and a class of similarly situated Black employees (the "Class"), including Walter Gibson ("Gibson"), Anthony Graham ("Graham"),Marcus Kidd ("Kidd") and Mandell Woodall ("Woodall") (collectively "the Class Members"), to supervisor and management positions. The Commission alleged that Defendant's conduct violated Section 703(a) of Tile VII, 42 U.S.C. § 2000e-2(a), and the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Car Wash Headquarters has denied that it engaged in unlawful discrimination or any other unlawful conduct. Nothing in this Consent Decree should be

construed as an admission on the part of Car Wash Headquarters that it has engaged in unlawful discrimination or any other wrongdoing.

In the interest of resolving this matter, and avoiding the expense of further litigation, the Commission and the Defendant (the "Parties") have agreed that this action shall be finally resolved by entry of this Consent Decree.

The Parties do not object to the jurisdiction of the Court over this action. Each party hereby waives its right to a hearing and to the entry of findings of fact and conclusions of law. Venue is appropriate in the United States District Court for the Northern District of Alabama, Southern Division.

The Parties agree that the Court shall retain jurisdiction over this case to enforce the terms of the Consent Decree.

The Parties agree that this Consent Decree is fair, reasonable, and does not violate the law or public policy. The rights of Purdom, the Class Members, the Defendant, and the Commission are protected adequately by this Consent Decree.

It is hereby **ORDERED, ADJUDGED AND DECREED**:

1. This Consent Decree is entered into by the Commission and Car Wash Headquarters.

2. This Consent Decree shall be final and binding between the Commission and Car Wash Headquarters.

3. This Consent Decree shall resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 2:17-CV-00503-AKK.

4. This Consent Decree shall be filed in the United States District Court for the Northern District of Alabama, Southern Division, and shall be in effect, and continue to be in effect, for a period of three (3) years from the date of entry of this Consent Decree by the Court.

5.     Any modification of this Consent Decree by any party shall be made by motion to the Court.

6.     The Court shall retain jurisdiction over this case to enforce the terms of the Consent Decree.

7.     This Consent Decree shall apply only to Defendant Car Wash Headquarters locations and operations presently, and during the term of this Consent Decree, located in the State of Alabama.

8.     Defendant Car Wash Headquarters shall not discriminate against Black employees and applicants for employment, based on race, and shall comply fully with all provisions of this Consent Decree and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII").

9.     Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to affect, or otherwise limit, the obligations of Defendant Car Wash Headquarters under Title VII.

10.    Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to affect, or otherwise limit, the EEOC's authority to process or litigate any current or future charge of discrimination filed with the EEOC or against Car Wash Headquarters.

11.    Car Wash Headquarters, including its officers, agents, employees, successors, and assigns, and all of those in active concert or participation with them are permanently enjoined for the duration of this Consent Decree from the following:

   a) Failing to promote Black employees, and failing to consider Black employees for promotion, because of race;

    b) Failing to promote Black employees and failing to consider Black employees for promotion to Supervisor, Manager, or other supervisory and management positions, or selection for the Manager in Training program, because of race.

## MONETARY RELIEF

12. Car Wash Headquarters shall pay monetary relief in the gross amount of Eighty-Five Thousand Dollars ($85,000) to Charging Party Antonio Purdom as follows:

    a) Car Wash Headquarters will pay Twenty-One Thousand and Two Hundred and Fifty Dollars ($21,250), less deductions for applicable federal, state and local income and employment taxes and other lawful deductions, for alleged and disputed lost wages. Car Wash Headquarters will provide Purdom with an IRS Form W-2 for this amount.

    b) Car Wash Headquarters will pay Sixty-Three Thousand and Seven Hundred and Fifty Dollars ($63,750) for alleged and disputed non-wage compensatory damages. Car Wash Headquarters will provide Purdom with an IRS Form 1099 Misc. for this amount.

13. Within thirty (30) Calendar days of entry of this Consent Decree, payment in full of the amounts in Paragraphs 12(a) and 12(b) shall be made by checks payable to Antonio Purdom. The checks shall be mailed to the address provided by the EEOC. Defendant will issue the applicable United States Internal Revenue Service forms to Purdom no later than February 1, 2019.

14. Defendant shall mail a photocopy of the checks to the attention of the Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205, at the time the checks are sent to Purdom.

## ESTABLISHMENT OF CLASS FUND

15. Defendant Car Wash Headquarters shall pay an additional sum of One Hundred and Forty Thousand Dollars ($140,000), to be designated as a "Class Fund." Allocation of the Class

Fund to the Class Members shall be made at the sole discretion of the EEOC as determined pursuant to Paragraph 16.

16. Within 14 days of the entry of this Consent Decree, the EEOC will provide Defendant Car Wash Headquarters with a confidential distribution list containing the names, addresses, dates of birth, and social security numbers of each affected Class Member, as well as the gross amount allocated, to be disbursed to each Class Member. Defendant shall issue two checks payable to each Class Member identified on the confidential distribution list within twenty-one days after receipt of said list as follows:

   a) A check for 25% of the total allocated to that Class Member, less deductions for applicable federal, state and local income and employment taxes and other lawful deductions, for alleged and disputed lost wages. Car Wash Headquarters will provide the Class Member with an IRS Form W-2 for this amount.

   b) A check for 75% of the total allocated to that Class Member for alleged and disputed non-wage compensatory damages. Car Wash Headquarters will provide the Class Member with an IRS Form 1099 Misc. for this amount.

17. For any amounts paid in settlement of claims for compensatory damages, no federal and state withholding taxes shall be made by Car Wash Headquarters. With the exception of the amount allocated to alleged and disputed lost wages, for which Car Wash Headquarters may be liable for a portion of employer withholding taxes, the Class Members shall pay taxes, if any, which are required by law to be paid with respect to the settlement amount.

18. On the same day that the settlement checks are sent to the Class Members identified on the confidential distribution list, Defendant shall submit a copy of each check and related

correspondence to Marsha Rucker, EEOC Regional Attorney, at the office address on the signature page of this Decree.

## ANTI-DISCRIMINATION POLICY

19. Within sixty (60) days of the date of entry of this Consent Decree by the Court, Defendant shall disseminate to each of its employees, supervisors and managers in the State of Alabama and all management responsible for oversight of all locations in the State of Alabama who have not received a copy since January 1, 2018 a written anti-discrimination policy covering the laws enforced by EEOC. The policy includes but is not limited to:

   a) A statement stating that race discrimination and retaliation for complaints of race discrimination is prohibited.

   b) Multiple avenues for complaining employees to use in reporting complaints of discrimination and retaliation, and a toll-free telephone number and email address in Defendant's home office to whom a complaining employee may direct such a complaint. For the duration of this Consent Decree, the policy will be provided to each new employee within seven (7) days of hire.

   c) A statement that Defendant will provide for reporting, investigation and remedy of incidents of alleged discrimination in the workplace. The Policy states that in investigating and imposing any discipline, Defendant will make reasonable attempts to preserve confidentiality. The Policy further states that no one will be retaliated against for filing a complaint or assisting in the investigation process.

   d) A provision stating that employees, supervisors, and managers found to have engaged in race discrimination or retaliation will be subject to appropriate disciplinary action up to and including termination.

20. The policy does not contain a provision that disciplinary action shall not be taken without a signed written statement from the complaining employee.

21. Defendant will submit a copy of its current Internal Policy on Anti-Discrimination to the Equal Employment Opportunity Commission within ninety (90) days of the date of entry of this Consent Decree by the Court.

### DEVELOPMENT OF PROMOTION PROCESS AND POLICY

22. Within sixty (60) days after entry of this Decree, Defendant shall develop, implement and disseminate by paper copy or electronically to each of its employees, supervisors and managers in the State of Alabama a new and/or revised policy and process for promotion to supervisor, Manager or for enrollment in the Management in Training program ("Promotion Policy").

   a) The Promotion Policy shall be designed to ensure that Black employees are provided equal employment or promotion opportunities;

   b) The Promotion Policy shall provide that notice of all position vacancies and promotion opportunities at Defendant's operations in the State of Alabama will be disseminated to all employees at such locations;

   c) The Promotion Policy shall establish a process and procedure for each employee to apply for position vacancies and promotion opportunities;

   d) The Promotion Policy shall describe the requirements, qualifications, deadlines and application procedures Defendant shall follow to ensure proper and full consideration of the employees for the vacancy and/or promotion opportunity;

   e) The Promotion Policy shall provide that employees who apply for a vacancy or promotion, but are not selected for the vacancy or promotion, shall be informed, upon request, of the reasons s/he was not selected;

    f) The Promotion Policy shall contain a provision on how to make complaints of discrimination in promotion decisions, and shall contain a toll-free telephone number and email address at Defendant's home office to whom a complaining employee may direct such a complaint.

23. For the duration of this Consent Decree, notice of the Promotion Policy will be provided to each new employee within seven (7) days of hire.

24. Defendant will submit a copy of its new Promotion Policy to the Equal Employment Opportunity Commission within ninety (90) days of the date of entry of this Consent Decree by the Court.

## OTHER RELIEF

25. Car Wash Headquarters shall segregate into a confidential file, and not disclose to any employee or non-government third party (unless such documentation is the subject of a court order), any and all documents, information, references and all facts or matters underlying or related to Purdom's involvement in Charge No. 420-2013-02837 and this lawsuit.

26. Car Wash Headquarters shall segregate into a confidential file, and not disclose to any employee or non-government third party (unless such documentation is the subject of a court order), any and all documents, information, references and all facts or matters underlying or related to Gibson's involvement in this lawsuit.

27. Car Wash Headquarters shall segregate into a confidential file, and not disclose to any employee or non-government third party (unless such documentation is the subject of a court order), any and all documents, information, references and all facts or matters underlying or related to Graham's involvement in this lawsuit.

28.     Car Wash Headquarters shall segregate into a confidential file, and not disclose to any employee or non-government third party (unless such documentation is the subject of a court order), any and all documents, information, references and all facts or matters underlying or related to Kidd's involvement in this lawsuit.

29.     Car Wash Headquarters shall segregate into a confidential file, and not disclose to any employee or non-government third party (unless such documentation is the subject of a court order), any and all documents, information, references and all facts or matters underlying or related to Woodall's involvement in this lawsuit.

30.     Car Wash Headquarters shall expunge from the personnel files of Purdom, Gibson, Graham, Kidd, and Woodall any and all of the aforementioned charges and documents indicating their involvement in the events underlying any of the aforementioned charges and the EEOC's Complaint.

31.     Car Wash Headquarters, including its officers, agents, management employees, successors, and assigns shall be enjoined from providing negative, derogatory or otherwise unfavorable information about Purdom, Gibson, Graham, Kidd, and Woodall that relates to his character, reputation, conduct, or performance while employed at Car Wash Headquarters to persons who contact Defendant, its officers, agents, management employees, successors and assigns seeking employment, licensure and character references or any other information related to these individuals.  In response to any request for information directed to Defendant's Director of Human Resources Anna Zappia at (520) 615-4000, extension 243, whether verbal or written, from potential employers, prospective employers or third parties seeking references or information about these individuals, Defendant shall inform such potential employer(s), prospective employer(s) or third party that its policy and practice is only to provide the dates of

an individual's employment, the position held by that individual, and, if requested by Purdom, Gibson, Graham, Kidd, and Woodall, the individual's final pay rate while employed at Car Wash Headquarters. Notwithstanding the foregoing, nothing in this Consent Decree should be construed as prohibiting Car Wash Headquarters from responding to or otherwise complying with a lawful court order issued after Car Wash Headquarters' communication to the subpoenaing party that the information or documents sought pursuant to the subpoena are, or may be subject to this Consent Decree.

32. Within sixty (60) days of the entry of this Consent Decree, Car Wash Headquarters shall include on all bulletin boards, including all electronic bulletin boards, at its Alabama facilities a statement expressing its commitment to a diverse workplace, non-discrimination in all employment decisions, and non-retaliation.

### ANNUAL TRAINING FOR MANAGERS AND EMPLOYEES

33. For the duration of this Consent Decree, Defendant shall provide an annual training program on employment discrimination and retaliation to all employees at its Alabama facilities, which may consist of pre-recorded video and/or a web-based learning system. For any employees, including supervisory and management employees, who have not received the training since December 1, 2017, the annual training will be scheduled and conducted within ninety (90) days of the entry of this Consent Decree.

34. Defendant shall advise all employees at the covered locations in writing that the training program is mandatory. The annual training shall last one (1) hour and shall include the following topics:

   a) All aspects of Title VII including, but not limited to, race based discrimination in promotion, the legal requirements of Title VII, and the retaliation provisions of Title VII,

b) An explanation of Defendant's policies regarding discrimination and retaliation,

c) The importance of maintaining an environment free from discrimination and retaliation,

d) The protections against retaliation for reporting, opposing or participating in activity related to the opposition of discrimination,

e) An explanation that disciplinary action, up to and including termination, shall be taken against any employee that engages in discrimination,

f) Practical examples aimed at the prevention of discrimination and retaliation, and

g) Avenues available to employees of Car Wash Headquarters to submit internal complaints of discrimination and/or retaliation.

35. In addition to the annual training described above, all Alabama-based supervisory and management-level employees, and all Managers who supervise those supervisors and Managers, shall, within 90 days of the entry of this Consent Decree, attend a one-time one (1) hour live training that may include pre-recorded video components. Annually thereafter during the term of this Consent Decree, such supervisor and management employees will also attend a one-hour pre-recorded video training of such live training.  With regards to management and supervisor employees, the training shall instruct such individuals on best practices for responding to discrimination and retaliation complaints and will describe how effective investigation of such complaints are conducted and documented.  The training shall also address the Company's policies pertaining to confidentiality and anti-retaliation relative to employees who report or participate in an investigation or oppose discrimination and retaliation.  The one-time live training shall conclude with a minimum of fifteen (15) minutes for questions and answers.

36. The training and education for employees may be videotaped for review by Alabama-based supervisory and management-level employees, and all Managers who supervise those

supervisors and Managers, who are employed at the time of the training but absent from work at that time.

37. Car Wash Headquarters shall generate a registry containing signatures (whether ink or electronic) of all persons attending the trainings described above. All management and supervisory personnel attending the trainings shall be instructed to sign the registry when they attend the entire training session or watch a videotape of the entire training session. Car Wash Headquarters shall retain the registry for the duration of the Consent Decree.

38. The training shall be delivered in accordance with an outline prepared at least two weeks in advance of the training and provided to the EEOC at least one week prior to the training. All other training materials (pamphlets, brochures, agendas, videos), and the signed registry, shall be delivered to the EEOC Birmingham District Office, to the attention of the Regional Attorney, within two weeks of the conclusion of the last training session. Acceptance or review of these materials by the Commission shall not constitute approval of the said materials, but may be retained for compliance purposes.

39. The training shall be presented by trainers or educators with knowledge and expertise in the prevention of discrimination, harassment and retaliation and may be presented by Car Wash Headquarters' Human Resources professionals with such knowledge and expertise.

40. Car Wash Headquarters may add to this training depending on its needs.

41. Car Wash Headquarters shall provide the EEOC at least fifteen (15) days advance notice of the date, time, location and substance of the initial live training of supervisors and managers described in Paragraph 35 and shall permit any representative of the Commission to attend and observe the planned training upon the Commission giving reasonable notice to Car Wash Headquarters.

42. Within one hundred twenty (120) days of the entry of this Consent Decree, Car Wash Headquarters shall provide the Birmingham District Office of the Equal Employment Opportunity Commission with proof of the action taken to inform and train its personnel as outlined herein.  The report(s) shall be mailed to Regional Attorney, EEOC Birmingham District Office, 1130 22nd Street, South, Suite 2000 Birmingham, AL 35205

## POSTING OF NOTICE

43. Car Wash Headquarters shall post and cause to remain posted the posters required to be displayed in the workplace by Commission regulations.

44. Within thirty (30) calendar days after entry of this Decree, Car Wash Headquarters shall sign and post 8½-inch-by-11-inch sized copies of the notice attached as Exhibit A to this Consent Decree on all bulletin boards usually used by Defendant at its facilities located at 611 Montgomery Highway, Vestavia Hills, AL and 4621 US-280, Birmingham, AL for announcements, notices of employment policy or practice changes to employees, for the duration of this Consent Decree, including any intranet pages and electronic bulletin boards accessible by the employees at such locations.

45. The Defendant shall post EEO policies both in electronic and paper format in prominent locations, frequented by employees, at its Alabama facilities. The Defendant shall ensure that these policies are distributed to each current employee at its Alabama facilities and that they shall be distributed to all new employees of these facilities within seven (7) days of hire.

## RECORDS RETENTION

46. The Defendant shall maintain the following records for the duration of this Consent Decree:

    (1) Title VII policies and procedures;

(2)   Discrimination and retaliation complaints made by employees;

(3)   All documents generated in connection with any complaint investigation, or resolution of every complaint involving allegations of violations of Title VII, including discrimination, harassment and retaliation;

(4)   All documents created, maintained, obtained or received in connection with any application for promotion to any Manager position or selection for the Manager in Training program;

(5)   All materials used in training provided pursuant to the terms of this Consent Decree; and

(6)   Attendance lists for such training.

## SUCCESSOR NOTIFICATION

47.   For the duration of this Decree, Defendant shall provide notice and a copy of this Decree to any successors or any other corporation or other entity that acquires Defendant and any other corporation or other entity into which Defendant may merge. The successors or acquiring entities shall be fully liable for complying with the terms of the Decree.

## DISPUTE RESOLUTION

48.   In the event that the Commission believes for the duration of this Consent Decree that Car Wash Headquarters has failed to comply with any provision(s) of the Consent Decree, the Commission shall notify Car Wash Headquarters and its counsel at the addresses set forth below the signatures on this Consent Decree of the alleged non-compliance and shall afford Car Wash Headquarters twenty (20) calendar days thereafter to remedy the non-compliance or to satisfy the Commission the alleged non-compliance is not well founded.  If Car Wash Headquarters has not

remedied the alleged non-compliance or satisfied the Commission that it has complied within twenty (20) calendar days, the Commission may apply to the Court for appropriate relief.

## ATTORNEYS' FEES

49. The parties shall bear their own attorneys' fees and costs incurred in this action up to the date of the entry of this Consent Decree.

## FORCE AND EFFECT

50. The duration of this Consent Decree shall be three (3) years from its entry by the Court.

51. The Court shall retain jurisdiction for the duration of the Consent Decree, during which the Commission may petition this Court for compliance with this Consent Decree. Should the Court determine that Defendant has not complied with this Consent Decree, appropriate relief, including extension of the Consent Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

52. Absent extension, this Consent Decree shall expire by its own terms at the end of three (3) years from the date of entry of this Consent Decree without further action by the Parties.

53. The Parties agree to the entry of this Consent Decree subject to final approval by the Court.

**DONE** the 6th day of July, 2018.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

APPROVED AND CONSENTED TO BY:

*[signature]*      Lisa Funk 6/27/2018

**AUTHORIZED REPRESENTATIVE**    (PRINTED NAME AND DATE)
**FOR DEFENDANT**
**CAR WASH HEADQUARTERS, INC.**
222 E. 5th Street
Tucson, AZ 85705

*[signature]*      Jennifer Fox Swain 6/27/18

**ATTORNEY FOR DEFENDANT**    (PRINTED NAME AND DATE)
**CAR WASH HEADQUARTERS, INC.**
**LITTLER MENDELSON, P.C.**
420 20th Street North, Suite 2300
Birmingham, AL 35203-3204

*[signature]*      6/28/18

**MARSHA RUCKER**    (DATE)
Regional Attorney

Alysia D. Franklin
Trial Attorney

Christopher Woolley
Trial Attorney

**U. S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**
Birmingham District Office
1130 22nd Street South, Suite 2000
Birmingham, AL 35205-2886
Telephone: (205) 212-2054
**ATTORNEYS FOR PLAINTIFF EEOC**

EXHIBIT A

## NOTICE TO ALL EMPLOYEES OF CARWASH HEADQUARTERS, INC. D/B/A MISTER CARWARSH, MISTER HOTSHINE CARWASH

1. This Notice is posted to all employees pursuant to a Consent Decree entered into between Car Wash Headquarters, Inc. and the Equal Employment Opportunity Commission (EEOC). Pursuant to the Decree, Carwash Headquarters, Inc. will conduct training on the prevention of employment discrimination and retaliation in the workplace.

2. Discrimination is a violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq. Federal law requires an employer to maintain a workplace free from discrimination based on race, sex (gender), religion, color, national origin, age (40 or older), or disability with respect to terms and conditions of employment.

3. Car Wash Headquarters, Inc. will not tolerate or condone discrimination or retaliation against any employee or applicant for employment. Discrimination is a violation of company policy as well as federal law. Violation of these company policies by anyone employed by Car Wash Headquarters, Inc. will result in disciplinary action up to and including termination.

4. You have the right to file a charge of discrimination with the EEOC if you believe you are being discriminated or retaliated against. The EEOC charges no fees and has employees and interpreters who speak languages other than English. If you believe you have been discriminated or retaliated against in violation of federal law, you have the right to seek assistance from:

> Equal Employment Opportunity Commission
> 1130 22nd Street South, Suite 2000
> Birmingham, AL 35205
> Telephone:   (205) 212-2100
> Website:      www.eeoc.gov
> TTY: 1-800-669-6820

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED OR REMOVED**

This Notice must remain posted for three (3) years from the date signed below and must not be altered, defaced, removed, or covered by any other materials.

_____       _____
Date                                             Authorized Representative, Car Wash Headquarters, Inc.